**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

PETER DIPIETRO,

    Plaintiff,

v.

JEFFREY SESSIONS
United States Attorney
General, JUDGE NOEL HILLMAN,
CHIEF JUDGE LINARES, UNITED
STATES DISTRICT COURT, and
OTHER DEFENDANTS IN PREVIOUS
SUITS,

    Defendants.

1:17-cv-05072-NLH

**MEMORANDUM OPINION & ORDER**

**APPEARANCES:**

PETER DIPIETRO
4321 BRIGANTINE BLVD
BRIGANTINE, NJ 08203
    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Peter DiPietro, who is appearing pro se, filed a complaint styled "Criminal and Civil Complaint/Claim, Writ of Mandamus, Investigate Judge Noel Hillman and Re-instate or Re-open cases based on Fraud Upon the Court, Replevin: Claim and Delivery, Writ of Replevin," along with an application to proceed without prepayment of fees ("IFP application")[1]; and

---

[1] Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although § 1915 refers to "prisoners,"

WHEREAS, Plaintiff seeks to invalidate this Court's January 3, 2013 Order in Civil Action 1:12-2338, <u>DiPietro v. Morisky, et al.</u>, Docket No. 28, where this Court Ordered that Plaintiff was enjoined from filing any claims in this District relating to his 2000 New Jersey state court divorce and child custody case without prior permission of the Court ("Preclusion Order"); and

WHEREAS, the Court found in the Preclusion Order:

> (1) Plaintiff has filed several law suits in this District and in New Jersey Superior Court against what appears to be every individual who has ever been involved, either directly or tangentially, in his family court case that began in 2000, <u>see, e.g.</u>, DIPIETRO v. NEW JERSEY FAMILY SUPPORT PAYMENT CENTER ET AL, 3:08-CV-04761 (D.N.J.); DIPIETRO v. NJ FAMILY SUPPORT PAYMENT CTR, ET AL, 09-CV-3022 (3d Cir.); DIPIETRO v. GLOUCESTER COUNTY SHERIFF'S DEPARTMENT ET AL, 1:11-CV-0587 (D.N.J.); DIPIETRO v. LANDIS TITLE COMPANY ET AL, 1:11-CV-05110 (D.N.J.); DIPIETRO v. MORISKY ET AL, 1:12-CV-02338 (D.N.J.); DIPIETRO v. SENULA, 1:12-CV-00189 (D.N.J.); DIPIETRO v. NEWFIELD

---

federal courts apply § 1915 to non-prisoner IFP applications. <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J. 2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted). The screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.").

NATIONAL BANK, L-001651-10 (N.J. Super.); DIPIETRO v. VASSALLO, ET AL, L-1583-09/A-5207-09T1 (N.J. Super.);

(2) All of plaintiff's cases against these various individuals and entities have ultimately been dismissed or resolved in the defendants' favor;

(3) Several of the defendants in this case argued that plaintiff's repeated suits and complaints against them have become repetitive, vexatious, and personally threatening;

(4) The "federal court system is not a playground to be used by litigants for harassing those they dislike," Gilgallon v. Carroll, 153 Fed. Appx. 853, 855 (3d Cir. 2005), and that the court system is not available for "recreational litigation," see Marrakush Soc. v. New Jersey State Police, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (explaining that a "'recreational litigant' is the 'one who engages in litigation as sport and files numerous complaints with little regard for substantive law or court rules.'" (quoting Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (other citations omitted));

(5) It is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the court's dockets, see id. (citing In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (stating that "in appropriate circumstances, courts have gone beyond prohibitions against relitigation and enjoined persons from filing any further claims of any sort without the permission of the court")); and

(6) Plaintiff's numerous lawsuits and other conduct have risen to the level that may require the restriction of plaintiff's access to this Court as it relates to the claims raised in this case, see Docket No. 27 at 10-12

(Docket No. 28 at 3-4); and

3

WHEREAS, in this action, Plaintiff argues that all of his cases had merit, they must be reinstated, and he is entitled to default judgment in his favor in the amount of $500,000,000.00 for each of those cases; but

WHEREAS, the Court finds that Plaintiff's instant suit directly implicates the Preclusion Order, and Plaintiff has failed to comply with the mandate in the Preclusion Order to obtain prior permission from the Court before filing this type of complaint; and

WHEREAS, the Court further finds that Plaintiff's instant suit otherwise constitutes an impermissible omnibus challenge of this Court's prior Orders in all of his various cases relating to his 2000 state court divorce and custody matter;

THEREFORE,

IT IS HEREBY on this __28th__ day of __November__, 2017

ORDERED that Plaintiff's application to proceed without prepayment of fees [Docket No. 1-5] be, and the same hereby is, DENIED[2]; and it is further

ORDERED that Plaintiff's complaint must be stricken and Plaintiff shall not be provided the opportunity to pay the

---

[2] Plaintiff's IFP application answers every question with "not a person." (Docket No. 1-5.)

appropriate filing fee for his complaint to be filed because it violates the Court's Preclusion Order; and it is further

ORDERED that Clerk shall mark this matter as CLOSED.


At Camden, New Jersey

          s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.